PAUL V. SIMPSON, BAR NO. 83878
RONALD F. GARRITY, BAR NO. 110488
H. ANN LIROFF, BAR NO. 113180
SIMPSON, GARRITY, INNES & JACUZZI
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, California 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Plaintiffs
Cepheid, Peter Farrell, Glynn Perry and Jennifer Richards

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEPHEID, a California corporation, PETER FARRELL, GLYNN PERRY AND JENNIFER RICHARDS,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, an Illinois Corporation,<br><br>Defendant. | Case No. 14-cv-05652 NC<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF [28 U.S.C. § 2201(a)]**<br><br>**DIVERSITY OF CITIZENSHIP [28 U.S.C. § 132(a)(1) and (b)]** |

**I. <u>INTRODUCTION</u>**

1. Plaintiffs Cepheid, Peter Farrell, Glynn Perry, and Jennifer Richards ("Cepheid", "Farrell", "Perry", "Richards" or collectively "Plaintiffs") seek judicial relief pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. 2201(a), from the overreaching and unlawful non-competition and non-solicitation provisions contained in the respective Employee Agreements of Farrell, Perry and Richards with Abbott Laboratories ("Abbott" or Defendant"). True and correct copies of such Employee Agreements are attached hereto as **Exhibits "A" "B" and "C".** The State of California has an expressly stated and fundamental public policy against contractual

provisions that prohibit employees from selecting for whom they want to work. California Business and Professions Code section 16600 provides, in relevant part, "every contract by which anyone is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void." The location where the non-competition and non-solicitation covenants were initially presented to Farrell, Perry and Richards is irrelevant for purposes of this statute, when they seek to work in and for a California-based business such as the Cepheid. The Plaintiffs therefore seek a declaration, pursuant to Uniform Declaratory Judgment Act, 28 U.S.C. §2201(a), that the non-competition and non-solicitation provisions contained in the respective Employee Agreements of Farrell, Perry and Richards with Abbott are unlawful restraints of trade, and thus are invalid, unenforceable, and in violation of fundamental public policy of the State of California. Any effort by Abbott to enforce these non-competition and non-solicitation provisions will violate California law and public policy, and constitutes an unlawful business practice and an illegal restraint of trade.

## II. JURISDICTION

2. Jurisdiction in this case is predicated upon diversity of citizenship pursuant to 28 U.S.C. §1332 (a)(1) and (b) between all of the Plaintiffs and the Defendant.

3. Plaintiff Cepheid is a corporation incorporated under the laws of the State of California with its principal place of business located in Sunnyvale, California.

4. Plaintiff Farrell is a citizen of the State of Tennessee.

5. Plaintiff Perry is a citizen of the State of Georgia.

6. Plaintiff Richards a citizen of the State of Pennsylvania.

7. Defendant Abbott is a corporation incorporated under the laws of the State of Illinois with its principal place of business located in Abbott Park, Illinois.

8. The amount in controversy, based upon the type of damages sought, exceeds

$75,000.00, exclusive of interests and costs (28 U.S.C. §1332(b)).

**III. VENUE**

9. Venue is proper in this District because the defendant is subject to this Court's personal jurisdiction with respect to the subject matter alleged herein (28 U.S.C.§1391(b)(2)).

**IV. PARTIES**

10. Plaintiff Cepheid is a California corporation with its principal place of business in Sunnyvale, California. Cepheid engages in the molecular diagnostic testing of patient specimens on a centralized basis, thereby enabling medical providers to identify and provide early treatment of diseases.

11. Plaintiff Farrell currently resides in Tennessee, and was a Divisional Vice President and General Manager at Abbott's Point of Care Division for 9 years and 10 months in its Princeton, New Jersey operations. On June 9, 2014, Farrell joined Plaintiff Cepheid as Executive Vice President of International Commerce Operations, working out of Cepheid's Sunnyvale, California offices.

12. Plaintiff Perry currently resides in Georgia, and was most recently was a Divisional Vice President of U.S. Operations for Abbott Point of Care in its Princeton, New Jersey operations. He was employed by Abbott for 29 years. Effective December 29, 2014, he commenced employment as the Vice President of North American Operations for Plaintiff Cepheid, working out of Cepheid's Sunnyvale, California office.

13. Plaintiff Richards currently resides in Pennsylvania, and was employed at Abbott from September 2009 to December 26, 2014. At Abbott, Richards was a Director of Clinical Trials in the Regulatory Department in Abbott's Princeton, New Jersey operations. On December 30, 2014, Richards will commence employment at Cepheid, where she will have a marketing role unrelated to her duties at Abbott.

14. Defendant Abbott does business in multiple states, including California.

**BACKGROUND**

15. Founded in 1996, Cepheid is a molecular diagnostic company that develops, manufactures and markets fully integrated systems for testing in the clinical market. The company's systems enable rapid, sophisticated molecular testing for organisms and genetic-based diseases by automating otherwise complex manual laboratory procedures.

16. Abbott was founded in 1888 and is a pharmaceuticals and health care products company with 90,000 employees in many countries. Abbott's principal place of business is in Abbott Park, Illinois. Cepheid is not a competitor of Abbott in the relevant Point of Care market that these former Abbott employees were engaged in.

17. On or about March 2, 2005, Farrell while employed by Abbott, signed an Employee Agreement, a copy of which is attached as **Exhibit "A"** to this complaint. Paragraph 9, provides as follows:

> "EMPLOYEE shall not, during the term of employment with ABBOTT or for a period of one year after termination of employment with ABBOTT, in each country in which ABBOTT conducts business, engage, directly or indirectly, in any activity or employment, for the benefit of Employee or other, in a manner that contributes to any research, discovery, development, manufacture, importation, marketing, promotion, sale or use of one or more Competing Products. This paragraph shall only apply to the extent permitted by the laws of the state in which EMPLOYEE works or worked on behalf of ABBOTT immediately prior to the termination of employment."

18. Moreover, **Exhibit "A"** to this complaint contains Paragraph 10, which provides as follows:

> EMPLOYEE shall not, during the term of employment with ABBOTT or for a period of one year after the termination of employment with ABBOTT in each country in which ABBOTT conducts business, engage, directly or indirectly, for the benefit of EMPLOYEE or others, in any activity or employment in the performance of which Confidential Information obtained, provided or otherwise acquired, directly or indirectly, during the term of employment with ABBOTT **is likely to be used or disclosed,** notwithstanding the EMPLOYEE's undertaking to the contrary. This paragraph shall only apply to the extent permitted by the laws of the state in which EMPLOYEE works or worked on behalf of ABBOTT immediately prior to the termination of employment, and shall not be construed to limit in any way EMPLOYEE's obligation not to use or disclose Confidential Information as set forth in Paragraph 8 above. " (Emphasis added.)

19. **Exhibit "A"** to this complaint also contains Paragraph 11, which provides as follows:

> EMPLOYEE shall not, directly or indirectly, during the term of employment with ABBOTT, promote or market any Competing Products to any Abbott, or solicit any Abbott Customers for purposes of selling any Competing Products.

20. Further, **Exhibit "A"** to this complaint contains Paragraph 12, which provides as follows:

> EMPLOYEE shall not, directly or indirectly, during the term of employment or for a period of two years after termination of employment with ABBOTT, directly or indirectly, for the benefit of EMPLOYEE or other solicit or assist in soliciting to work as an employee, independent contractor, partner, or otherwise, any employment of ABBOTT about whom EMPLOYEE acquired knowledge through EMPLOLYEE's employment with ABBOTT.

21. On or about February 18, 2014, Perry while employed by Abbott, signed an Employee Agreement, a copy of which is attached as **Exhibit "B"** to this complaint. Paragraph 9, provides as follows:

> "EMPLOYEE shall not, during the term of employment with ABBOTT or for a period of one year after termination of employment with ABBOTT, in each country in which ABBOTT conducts business, engage, directly or indirectly, in any activity or employment, for the benefit of Employee or other, in a manner that contributes to any research, discovery, development, manufacture, importation, marketing, promotion, sale or use of one or more Competing Products. This paragraph shall only apply to the extent permitted by the laws of the state in which EMPLOYEE works or worked on behalf of ABBOTT immediately prior to the termination of employment."

22. Moreover, **Exhibit "B"** to this complaint contains Paragraph 10, which provides as follows:

> EMPLOYEE shall not, during the term of employment with ABBOTT or for a period of one year after the termination of employment with ABBOTT in each country in which ABBOTT conducts business, engage, directly or indirectly, for the benefit of EMPLOYEE or others, in any activity or employment in the performance of which Confidential Information obtained, provided or otherwise acquired, directly or indirectly, during the term of employment with ABBOTT **is likely to be used or disclosed,** notwithstanding the EMPLOYEE's undertaking to the contrary. This paragraph shall only apply to the extent permitted by the laws of the state in which EMPLOYEE works or worked on behalf of ABBOTT immediately prior to the termination of employment, and shall not be construed to limit in any way EMPLOYEE's obligation not to use or disclose Confidential Information as set forth in Paragraph 8 above. " (Emphasis added.)

23. **Exhibit "B"** to this complaint also contains Paragraph 11, which provides as

follows:

> EMPLOYEE shall not, directly or indirectly, during the term of employment with ABBOTT, promote or market any Competing Products to any Abbott, or solicit any Abbott Customers for purposes of selling any Competing Products.

24. Further, **Exhibit "B"** to this complaint contains Paragraph 12, which provides as follows:

> EMPLOYEE shall not, directly or indirectly, during the term of employment or for a period of two years after termination of employment with ABBOTT, directly or indirectly, for the benefit of EMPLOYEE or other solicit or assist in soliciting to work as an employee, independent contractor, partner, or otherwise, any employment of ABBOTT about whom EMPLOYEE acquired knowledge through EMPLOLYEE's employment with ABBOTT.

25. On or about September 17, 2009, Richards, while employed by Abbott, signed an Employee Agreement under her then legal name of Jennifer Power, a copy of which is attached as **Exhibit "C"** to this complaint. Paragraph 9, provides as follows:

> "EMPLOYEE shall not, during the term of employment with ABBOTT or for a period of one year after termination of employment with ABBOTT, in each country in which ABBOTT conducts business, engage, directly or indirectly, in any activity or employment, for the benefit of Employee or other, in a manner that contributes to any research, discovery, development, manufacture, importation, marketing, promotion, sale or use of one or more Competing Products. This paragraph shall only apply to the extent permitted by the laws of the state in which EMPLOYEE works or worked on behalf of ABBOTT immediately prior to the termination of employment."

26. Moreover, **Exhibit "C"** to this complaint contains Paragraph 10, which provides as follows:

> EMPLOYEE shall not, during the term of employment with ABBOTT or for a period of one year after the termination of employment with ABBOTT in each country in which ABBOTT conducts business, engage, directly or indirectly, for the benefit of EMPLOYEE or others, in any activity or employment in the performance of which Confidential Information obtained, provided or otherwise acquired, directly or indirectly, during the term of employment with ABBOTT **is likely to be used or disclosed,** notwithstanding the EMPLOYEE's undertaking to the contrary. This paragraph shall only apply to the extent permitted by the laws of the state in which EMPLOYEE works or worked on behalf of ABBOTT immediately prior to the termination of employment, and shall not be construed to limit in any way EMPLOYEE's obligation not to use or disclose Confidential Information as set forth in Paragraph 8 above. " (Emphasis added.)

27. **Exhibit "C"** to this complaint also contains Paragraph 11, which provides as follows:

> EMPLOYEE shall not, directly or indirectly, during the term of employment with ABBOTT, promote or market any Competing Products to any Abbott, or solicit any Abbott Customers for purposes of selling any Competing Products.

28. Further, **Exhibit "C"** to this complaint contains Paragraph 12, provides as follows:

> EMPLOYEE shall not, directly or indirectly, during the term of employment or for a period of two years after termination of employment with ABBOTT, directly or indirectly, for the benefit of EMPLOYEE or other solicit or assist in soliciting to work as an employee, independent contractor, partner, or otherwise, any employment of ABBOTT about whom EMPLOYEE acquired knowledge through EMPLOLYEE's employment with ABBOTT.

29. The non-competition and non-solicitation provisions referenced in Paragraphs 9, 11, and 12 of the Employee Agreements of Farrell, Perry and Richards with Abbott herein are unenforceable under California law. Additionally, the language contained in emphasized language in Paragraph 10, specifically "…**is likely to be used or disclosed**" is overbroad and unenforceable under California law. Any effort by Abbott to enforce Paragraphs 9-12, inclusive, as stated in the Agreements will violate California law and public policy, and constitute an unlawful business practice, as well as an illegal restraint of trade.

30. On or about December 22, 2014, Illinois counsel for Abbott wrote to Cepheid and Farrell demanding information from them as to Farrell's involvement in the recruitment of Perry and Richards from Abbott. Said letter also demanded that Farrell honor his obligations under the Employee Agreement attached hereto as **Exhibit "A"** and threatened that it would take future action based upon the information available to it if Cepheid and Farrell did not cooperate. A true and correct copy of the letter from Abbott's counsel is attached hereto as **Exhibit "D".** On or about December 23, 2014, Division Counsel for Abbott wrote to Perry; a true and correct copy of the letter from Abbott is attached as **Exhibit "E"**. On or about December 23, 2014, Division Counsel for Abbott wrote to Richards; a true and correct copy of the letter from Abbott is attached as **Exhibit "F".**

**FIRST CAUSE OF ACTION**

**(Declaratory Relief)**

31. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 30 above, as if set forth fully herein.

32. Abbott's assertions are interfering with Plaintiff Cepheid's ability to pursue and expand its business, and to compete effectively for the most talented, skilled employees, and are interfering with the rights and abilities of Farrell, Perry and Richards to carry out their duties and responsibilities of their employment with Plaintiff Cepheid and freely engage in their lawful occupations.

33. Cepheid, Farrell, Perry and Richards contend that the non-competition and non-solicitation provisions of the respective Employee Agreements of Farrell, Perry and Richards with Abbott are invalid and unenforceable as a matter of law under California Business and Professions Code section 16600, and other provisions of California law. California Business and Professions Code section 16600 is a component of Chapter 1 ("Contracts in Restraint of Trade") of Part Two ("Preservation and Regulation of Competition") of Division Seven ("General Business Regulations") of the Business and Professions Code.

34. Farrell's, Perry's and Richards' Employee Agreements also contain a provision regarding choice of law, set forth as Paragraph 17, which provides as follows:

> "This Agreement shall be construed, and its enforceability and the relationship of the parties shall be determined, in all respect under the laws of Illinois, without giving effect to conflict of laws."

35. The laws of the State of Illinois relating to contractual provisions such as the non-competition and non-solicitation provisions of the Employee Agreements described herein are in fundamental conflict with California law. Specifically, Illinois law may enforce non-competition and non-solicitation covenants, if they are reasonable in terms of time and geographic restriction.

36. The State of California has a materially greater interest than the State of Illinois in having its laws applied to decide the enforceability of the non-competition and non-solicitation provisions of the Employee Agreements of Farrell, Perry and Richards, because California has a strong public policy in favor of free mobility of employees and against provisions restraining anyone from engaging in any lawful profession, trade or business.

37. Moreover, the non-competition and non-solicitation provisions of the Employee Agreements of Farrell, Perry and Richards with Abbott are interfering with the California–based employment relationship between Plaintiff Cepheid and Plaintiffs, Farrell, Perry and Richards. It should be noted that at no time were Farrell, Perry or Richards residents of the State of Illinois.

38. An actual, present, and justiciable controversy has arisen between Plaintiffs and Defendant concerning the enforceability of the non-competition and non-competition provisions of the Employee Agreements of Perry, Farrell and Richards with Abbott.

39. Plaintiffs desire a judicial determination and declaration that this case may properly proceed in California, that California law governs the enforceability of the non-competition and non-solicitation provisions the Employee Agreements of Farrell, Perry and Richards herein, and that said non-competition and non-solicitation provisions are invalid and unenforceable under California law.

## VI. <u>PRAYER</u>

WHEREFORE, plaintiffs pray for relief against defendant as follows:

1. For a declaration by the Court that California law governs the enforceability of the non-competition provisions as set forth in Paragraphs 17-28 herein, and that said provisions are invalid and unenforceable against Cepheid, Farrell, Perry and Richards;

2. For costs of suit herein incurred; and

///

3. For such other and further relief as this Court may deem to be just and proper.

Date: January 5, 2014

Respectfully Submitted,

SIMPSON, GARRITY, INNES & JACUZZI
Professional Corporation`

By: /s/ Paul V. Simpson
PAUL V. SIMPSON, BAR NO. 83878
RONALD F. GARRITY, BAR NO. 148713
H. ANN LIROFF, BAR NO. 113180
Attorneys for Plaintiffs
Cepheid, Peter Farrell, Glynn Perry and Jennifer Richards