CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
MARJA-LIISA OVERBECK (State Bar No. 261707)
mari.overbeck@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:     (415) 512-4077

KATHERINE M. FORSTER (State Bar No. 217609)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:    (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for ABBOTT LABORATORIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CEPHEID, a California Corporation, PETER FARRELL, GLYNN PERRY AND JENNIFER RICHARDS,<br><br>            Plaintiffs,<br><br>      vs.<br><br>ABBOTT LABORATORIES, an Illinois Corporation,<br><br>            Defendant. | Case No. 14-cv-05652<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY ACTION FOR DECLARATORY RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**<br><br>**DIVERSITY OF CITIZENSHIP [28 U.S.C. § 132(a)(1) and (b)]**<br><br>Judge:   Hon. Edward J. Davila<br>Date:    June 4, 2015<br>Time:    9:00 am<br>Crtrm.:  4, 5th Floor |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on June 4, 2015, at 9:00 a.m., in the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, California, before the Honorable Edward J. Davila, Courtroom 4, or as soon thereafter as the parties may be heard, Defendant Abbott Laboratories, by and through its attorneys of record, will and hereby does move for an order dismissing, or, in the alternative staying, the above-captioned declaratory relief action filed by Plaintiffs Cepheid, Glynn Perry, Jennifer Richards, and Peter Farrell on December 30, 2014, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and pursuant to *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), wherein the United States Supreme Court established that federal courts may decline to grant declaratory relief when a parallel lawsuit is pending in state court. This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Mari Overbeck, Timothy Knapp, and Cynthia A. Haegley, and the attachments thereto, the Court's files and records in this matter, any other matters of which the Court takes judicial notice, and any oral argument that may be presented to the Court.

DATED:  February 9, 2015         MUNGER, TOLLES & OLSON LLP
                                 CAROLYN HOECKER LUEDTKE
                                 MARJA-LIISA OVERBECK


                                 By:     /s/ *Carolyn Hoecker Luedtke*
                                         CAROLYN HOECKER LUEDTKE
                                         Attorneys for ABBOTT LABORATORIES

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS ..................................................................................................... 2

III. ARGUMENT .......................................................................................................................... 5

    A. This Court Has Broad Discretion to Dismiss this Declaratory Relief Action. ........... 6

    B. This Declaratory Relief Action Should Be Dismissed Under *Brillhart* in Favor of the Pending Parallel State Court Actions. .................................................. 7

        1. The instant declaratory judgment action is reactive and should be dismissed to discourage Plaintiffs' forum-shopping. ................................... 8

        2. Dismissal is warranted here to avoid the needless determination by this Court of state law issues and to avoid duplicative litigation. ............... 11

        3. For Purposes of Applying the *Brillhart* Presumption, It Is Irrelevant that the State Court Actions Were Filed After Plaintiffs Filed the Instant Action. ....................................................................................... 13

IV. CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) .......................................................................................... 9

*Am. Land Title Ass'n v. Great Am. Ins. Co.*,
   2006 WL 1329782 (N.D. Cal. May 16, 2006) .............................................................. 12

*Brillhart v. Excess Ins. Co. of Am.*,
   316 U.S. 491 (1942) .......................................................................................... 1, 6, 7, 10

*Budget Rent A Car Corp. v. Miljack, Inc.*,
   760 F. Supp. 135 (N.D. Ill. 1991) .................................................................................. 13

*Cedar Sinai Med. Ctr. v. Shalala*,
   125 F.3d 765 (9th Cir. 1997) ........................................................................................... 9

*Chamberlain v. Allstate Ins. Co.*,
   931 F.2d 1361 (9th Cir. 1991) ......................................................................................... 7

*Cont'l Cas. Co. v. Robsac Indus.*,
   947 F.2d 1367 (9th Cir. 1991) ........................................................................ 7, 8, 11, 12

*Emp'rs Reinsurance Corp. v. Karussos*,
   65 F.3d 796 (9th Cir. 1995) ........................................................................................... 11

*Essex Grp., Inc. v. Cobra Wire & Cable, Inc.*,
   100 F. Supp. 2d 912 (N.D. Ind. 2000) ........................................................................... 14

*Fid. Nat. Fin., Inc. v. Ousley*,
   2006 WL 2053498 (N.D. Cal. July 21, 2006) ............................................................... 11

*First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc.*,
   1997 WL 579165 (S.D. Cal. 1997) ............................................................................... 14

*Golden Eagle Ins. Co. v. Travelers Cos.*,
   103 F.3d 750 (9th Cir. 1996) ......................................................................................... 11

*Google, Inc. v. Microsoft Corp.*,
   415 F. Supp. 2d 1018 (N.D. Cal. 2005) ..................................................................... 9, 11

*Gov't Emps. Ins. Co. v. Dizol*,
   133 F.3d 1220 (9th Cir. 1998) ...................................................................................... 6, 7

*Great Am. Ins. Co. v. Houston Gen. Ins. Co.*,
   735 F. Supp. 581 (S.D.N.Y. 1990) ................................................................................ 14

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Gribin v. Hammer Galleries*,
   793 F. Supp. 233 (C.D. Cal. 1992) ............................................................................... 8, 14

*Heat Surge, LLC v. Lee*,
   2009 WL 1883715 (N.D. Cal. June 30, 2009) ..................................................................... 12

*Hudson Cnty. News Co. v. Metro Assocs., Inc.*,
   141 F.R.D. 386 (D. Mass. 1992) ........................................................................................ 8, 9

*Knapp v. Depuy Synthes Sales Inc.*,
   983 F. Supp. 2d 1171 (E.D. Cal. 2013) ................................................................................ 13

*Koch Eng'g Co. v. Monsanto Co.*,
   621 F. Supp. 1204 (E.D. Mo. 1985) ..................................................................................... 13

*Mediostream, Inc. v. Priddis Music, Inc.*,
   2007 WL 2790688 (N.D. Cal. Sept. 24, 2007) ....................................................................... 9

*Public Affairs Assocs., Inc. v. Rickover*,
   369 U.S. 111 (1962) ............................................................................................................... 6

*Quillinan v. Papavassiliou*,
   2013 WL 428604 (N.D. Cal. Feb. 1, 2013) ........................................................................... 6

*R.R. St. & Co. v. Transport Ins. Co.*,
   656 F.3d 966 (9th Cir. 2011) ............................................................................................... 12

*Riviera Trading Corp. v. Oakley, Inc.*,
   944 F. Supp. 1150 (S.D.N.Y. 1996) .................................................................................... 10

*Schmitt v. JD Edwards World Solutions Co.*,
   2001 WL 590039 (N.D. Cal. 2001) ................................................................... 9, 11, 12, 13

*Skelly Oil Co. v. Phillips Petroleum Co.*,
   339 U.S. 667 (1950) ............................................................................................................... 6

*State Farm Fire & Cas. Co. v. Taylor*,
   118 F.R.D. 426 (M.D.N.C. 1988) ...................................................................................... 8, 9

*Tempco Elec. Heater Corp v. Omega Eng'g, Inc.*,
   819 F.2d 746 (7th Cir. 1998) ............................................................................................... 14

*Transamerica Occidental Life Ins. Co. v. DiGregorio*,
   811 F.2d 1249 (9th Cir. 1987) ............................................................................................. 14

*United Nat'l Ins. Co. v. R&D Latex Corp.*,
   242 F.3d 1102 (9th Cir. 2001) ............................................................................................. 11

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Ward v. Follett Corp.*,
   158 F.R.D. 645 (N.D. Cal. 1994) ............................................................................................... 9

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995) .................................................................................................................. 6

*Xoxide, Inc. v. Ford Motor Co.*,
   448 F. Supp. 2d 1188 (C.D. Cal. 2006) ..................................................................................... 9

*Z-Line Designs, Inc. v. Bell'O Int'l, LLC*,
   218 F.R.D. 663 (N.D. Cal. 2003) .................................................................................. 9, 10, 11

**FEDERAL STATUTES**

28 U.S.C. § 2201 .............................................................................................................................. 6

28 U.S.C. § 2201(a) .......................................................................................................................... 6

**FEDERAL RULES**

Fed. R. Civ. Proc. Rule 12(b)(1) ................................................................................................. 5, 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This case involves a preemptive declaratory judgment claim brought by three individuals who do not reside in California but seek an advisory opinion from this Court on the enforceability of certain restrictive covenants in employment agreements negotiated and executed by those individuals outside of California for an employer based in Illinois.  There are parallel state court claims pending in the states where these individuals reside and this Court should dismiss this action in deference to those state court proceedings.  "[A] district court ordinarily should not exercise its discretion to grant declaratory relief 'where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.'  In such cases, there is a presumption that the entire suit should be heard in state court." *DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal. 1993) (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).  The Court here should follow that presumption and dismiss this action.  Doing so will dissuade the egregious forum shopping that Plaintiffs employed here and will also avoid duplicative litigation and the needless determination by this Court of issues pertaining purely to state law.

Specifically, Plaintiffs Peter Farrell, Glynn Perry, and Jennifer Richards ("Plaintiffs") are citizens of Tennessee, Georgia, and Pennsylvania, respectively.  They worked for Abbott Laboratories ("Abbott"), an Illinois corporation, or its wholly owned subsidiary Abbott Point of Care, in those same three states, and they maintained an office in New Jersey.  Their new employer Cepheid is based in California.  When Plaintiffs terminated their employment with Abbott and left for Cepheid, Abbott reminded them of their obligations under their Employee Agreements, which are governed by Illinois law.  Abbott did not threaten litigation.  Abbott instead inquired of Cepheid about how Perry and Richards were recruited.  Cepheid's in-house General Counsel responded by claiming that he needed additional time to gather the information requested by Abbott in part because of the holidays and in part because he said his wife was recovering from major surgery.  The same day, however, Cepheid surreptitiously filed this litigation in a bold effort to get a California federal court to hear Plaintiffs' claims.

Plaintiffs' declaratory judgment action is a thinly-veiled effort to avoid the choice of law provision agreed to by the parties at the outset of their employment relationships. In order to preserve judicial resources, avoid the needless determination of purely state law questions and duplicative litigation, and discourage Plaintiffs' efforts to forum shop, this Court should dismiss, or alternatively stay, this reactive, anticipatory declaratory judgment action in favor of the now pending parallel state court actions.

## II.     STATEMENT OF FACTS

Abbott is a pharmaceuticals and health care products company incorporated under the laws of the State of Illinois, with its principal place of business in Abbott Park, Illinois. (Compl.[1] ¶ 7.) Plaintiffs Farrell, Perry, and Richards are long-time employees of Abbott or its wholly-owned subsidiary Abbott Point of Care, who worked in Abbott's Point of Care business supplying hand-held diagnostic equipment and services to hospitals, urgent care facilities, and ambulance services, among others. (Declaration of Cynthia A. Haegley ("Haegley Decl.") ¶ 2.) Plaintiffs Farrell and Perry were in sales roles that required frequent travel. (*Id.* at ¶ 3.) Plaintiff Perry lived in Georgia, and worked primarily from a home office. (*Id.* at ¶ 4.) His Abbott office was in Princeton, New Jersey, and he traveled occasionally to Abbott's corporate headquarters in Illinois. (*Id.* at ¶ 5.) Plaintiff Farrell resides in Tennessee. (Compl. at ¶¶ 4, 11.) Farrell also had an office in Princeton, New Jersey, and traveled occasionally to Abbott's corporate headquarters in Illinois. ( Haegley Decl. at ¶ 5.) Plaintiff Richards had a clinical role and lived in Philadelphia, Pennsylvania (*see* Compl. ¶ 1, Ex. C (signature block)), and moved to Langhorne, Pennsylvania on or about October 12, 2012. (Haegley Decl. ¶ 9.) She occasionally worked from home, and her Abbott office was also in Princeton, New Jersey. (*Id.* at ¶ 10.) Plaintiffs Farrell, Perry, and Richards did not work for Abbott out of a California office and their only contact with California was occasional travel there. (*Id.* at ¶ 13.)

---

[1] All references to the Amended Complaint filed January 6, 2015, ECF No. 6, will be abbreviated as "Compl."

1       Farrell's work for Abbott terminated on January 10, 2014, but as part of his
2 severance agreement, he remained on Abbott's payroll through August 15, 2014.  (Haegley Decl.
3 at ¶ 7.)  Farrell alleges here that he joined Cepheid on June 9, 2014.  (Compl. ¶ 11.)  Some months
4 later, at the end of December, Perry and Richards both resigned from Abbott and joined Cepheid.
5 (*Id.* at ¶¶ 12-13.)
6       None of the individual Plaintiffs are residents of California.  Plaintiff Farrell
7 currently resides in and is a citizen of Tennessee, Plaintiff Richards currently resides in and is a
8 citizen of Pennsylvania, and Plaintiff Perry currently resides in and is a citizen of Georgia.  (*Id.* at
9 ¶¶ 4-6, 11-13.)
10      All three Plaintiffs signed Employee Agreements in connection with their
11 employment with Abbott, which were signed in their respective home states.  (*See id.* at ¶ 1, Exs.
12 A-C at p. 3 (signature blocks).)  All three of these Agreements specify Illinois law—where Abbott
13 is incorporated and has its principal place of business—as the governing choice of law.  (*Id.* at ¶ 1,
14 Exs. A-C at ¶ 17.)  Each Plaintiff executed his or her respective Agreement while still employed
15 with Abbott.  (*See id.* at ¶ 1, Exs. A-C at p. 3 (dated March 2, 2005, February 18, 2014, and
16 September 17, 2009, respectively).)
17      Plaintiffs' Employee Agreements contain a narrowly drafted employee non-
18 solicitation provision.  Specifically, the Agreements provide that Plaintiffs must refrain, for two
19 years, from soliciting or assisting in the solicitation of other Abbott employees with whom the
20 employee acquired knowledge through his or her employment with Abbott (*id. at* ¶ 1, Exs. A-C at
21 ¶ 12).
22      On December 22, 2014, after Abbott learned that both Plaintiffs Perry and Richards
23 had accepted employment with Cepheid—just months after Plaintiff Farrell had joined Cepheid—
24 Abbott's outside counsel wrote a letter to Farrell and Cepheid's General Counsel requesting that
25 they explain how Plaintiffs Perry and Richards were recruited, and reminding them of Plaintiff
26
27
28

Farrell's continuing obligations under his Employee Agreement.[2]  ( Compl. ¶ 30, Ex. D.)  In that letter, Abbott's counsel asked for a response by December 29, 2014.  (*Id.*)

Late at night on Sunday, December 28, 2014, Cepheid's in-house General Counsel Joseph Smith left a voicemail for Abbott's outside counsel and explained that he was having trouble reaching people to find out the facts concerning the issues raised, that he was going to be out of the office the next day because he said his wife was recovering from major surgery, that he had some medical issues he had to take care of regarding his wife's recovery, and that he would be available to discuss on Tuesday, December 30, at the soonest.  (Declaration of Timothy Knapp ("Knapp Decl.") ¶ 3.)

On the afternoon of December 30, 2014, Cepheid's in-house General Counsel Smith talked to Abbott's outside counsel and said he did not have further information because he had not been able to reach anyone over the holidays and no one was in the office.  (*Id.* at ¶ 4.) Smith said he had tried to reach Peter Farrell on his mobile phone, but had been unable to do so. (*Id.*)  He said that he would talk to the relevant people as soon as he could, and provide any information he could, but that he would not be able to get back to Abbott's counsel until the next Tuesday, at the earliest.  (*Id.*)  During that conversation, Smith did not mention any potential litigation.  At no point during the call did Abbott's outside counsel say that Abbott intended to file litigation.  (*Id.*)

The same day that Smith called and said Cepheid was looking into Abbott's inquiry but had been unable to talk to anyone due to the holidays, Plaintiffs (including Cepheid) filed the instant action for declaratory relief in California federal court based on this Court's diversity jurisdiction.  (*See* ECF No. 1.)  Plaintiffs did not serve the original Complaint or otherwise notify Abbott of the original Complaint.  Plaintiffs filed an Amended Complaint on January 6, 2015 that

---

[2] Plaintiff Perry reported that he was on vacation from December 22-24, 2014 and then "in the office" December 29-31, 2014.  (Haegley Decl. at ¶ 8.)  Plaintiff Perry was communicating over his Abbott email account on December 31, 2014 regarding the return of his Abbott equipment. (*Id.*)  Plaintiff Perry's last day at Abbott was December 31, 2014.  (*Id.*)

removed "Inc." from Cepheid's name in the pleadings.  Plaintiffs served the Amended Complaint on January 12, 2015.

On February 9, 2015, Abbott filed three parallel state court actions in Tennessee, Georgia, and Pennsylvania, seeking declaratory relief pertaining to the enforceability of the employee non-solicitation provision in Plaintiffs' Employee Agreements; alleging breach of Perry's and Richards' Employee Agreements as a result of their downloading and retention of Abbott property upon their departure; alleging various causes of action against Perry as a result of his disclosure of an Abbott document to his Cepheid email address; alleging breach by Farrell of his non-solicitation agreement in recruiting Perry; and alleging breach of Farrell's severance agreement due to his failure to inform Abbott of his new employment with Cepheid and his continued acceptance of severance payments after accepting new employment with Cepheid.  (*See* Declaration of Mari Overbeck ("Overbeck Decl.") ¶¶ 3-5, Exs. A-C (attaching copies of state court complaints).)[3]

### III.     ARGUMENT

Plaintiffs' claims against Abbott should be dismissed in their entirety under Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiffs filed this lawsuit preemptively in order to secure a California forum and deprive the parties of the proper state court forums where Plaintiffs reside and where they worked for Abbott, and where the Employee Agreements were negotiated and delivered.  Because this dispute is a textbook case of the sort of forum-shopping discouraged by federal courts in declaratory judgment actions, this Court should dismiss this action in its entirety in favor of the pending parallel state court actions.

---

[3] The state court cases do not seek declaratory judgment on the enforceability of the non-competition clauses of the Employee Agreements (Paragraphs 9-10) or the customer non-solicitation clause of the Employee Agreements (Paragraphs 11) because Abbott does not seek to enforce those provisions against Plaintiffs as to their employment at Cepheid.  Specifically, Abbott does not view Plaintiffs' employment with Cepheid as violating Paragraphs 9-11.  Thus, this Court should dismiss from this litigation the declaratory judgment claims for Plaintiffs related to Paragraphs 9-11 as moot.

A. **This Court Has Broad Discretion to Dismiss this Declaratory Relief Action.**

The only cause of action pending in this case is under the Declaratory Judgment Act. The Declaratory Judgment Act grants federal courts with broad discretion to decline to award declaratory relief in cases otherwise within their jurisdiction.[4] *DeFeo*, 831 F. Supp. at 777-78 (citing *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). Indeed, the Act's express terms provide that a federal court's authority to preside over and grant declaratory relief is permissive. 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . **may** declare the rights and other legal relations of any interested party . . . whether or not further relief is or could be sought.") (emphasis added); *see also Brillhart*, 316 U.S. at 494 ("Although the District Court ha[s] jurisdiction of the suit under the Federal Declaratory Judgments Act, [the District Court] is under no compulsion to exercise that jurisdiction."); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment . . . .").[5] Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration," *Wilton*, 515 U.S. at 288, including whether "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495.

---

[4] The Act permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. "However, before declaratory relief may be granted, federal subject matter jurisdiction requirements must be independently satisfied." *Quillinan v. Papavassiliou*, No. 12-04159, 2013 WL 428604, at *3 (N.D. Cal. Feb. 1, 2013) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). To that end, and pursuant to a Rule 12(b)(1) motion, "the court must determine if there is an actual case or controversy within the court's jurisdiction [and] the court must [then] exercise its discretion in determining whether to exercise such jurisdiction." *Id.* (internal citations omitted).

[5] Congress "deliberately cast" the Act "in terms of permissive, rather than mandatory, authority" and thus "gave the federal courts competence to make a declaration of rights; [rather than] impos[ing] a duty to do so." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (internal quotations and citations omitted). Federal courts therefore enjoy "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286.

Pursuant to the Court's reasoning in *Brillhart*, the United States Court of Appeals for the Ninth Circuit has unequivocally expressed that where, as here, there is a pending parallel state court proceeding, federal courts in this circuit should "decline to assert jurisdiction in . . . declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court . . . ." *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1374 (9th Cir. 1991) *overruled on other grounds by Dizol*, 133 F.3d at 1223.

As set forth below, this Court should dismiss Plaintiffs' Amended Complaint under *Brillhart* because the pending state court actions involve the same parties and claims, because Plaintiffs' claims will more fully be resolved in the state court actions, which allege additional state law causes of action, and because this federal action was filed in anticipation of an impending state court suit, and is thus a "reactionary" action filed in a "race to courthouse" to seek a more favorable forum.

### B. This Declaratory Relief Action Should Be Dismissed Under *Brillhart* in Favor of the Pending Parallel State Court Actions.

"[A] district court's discretion to grant [declaratory] relief . . . ordinarily should not be exercised 'where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.'" *Robsac*, 947 F.2d at 1370 (quoting *Brillhart*, 316 U.S. at 495); *see also DeFeo*, 831 F. Supp. at 778. *Brillhart* explains that ". . . it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. The reasoning of *Brillhart* "remain[s] the philosophic touchstone for the district court." *Dizol*, 133 F.3d at 1225. Thus, "when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991).

Under *Brillhart*, a district court should not issue declaratory relief if doing so would (1) "needlessly determine issues of state law," (2) help a party improperly "avoid state court proceedings," or (3) cause "duplicitous litigation." *Id.* at 1367 (citing *Brillhart*, 316 U.S. at 495,

497); *see also DeFeo*, 831 F. Supp. at 778 ("There are several rationales for the *Brillhart* presumption against federal declaratory judgment jurisdiction when there is a parallel state proceeding: (1) avoiding needless decisions of state law; (2) discouraging forum shopping; and (3) averting duplicative litigation."). Each of these factors is present here and counsel in favor of dismissing this action in its entirety out of deference to the pending state court actions.

### 1.     The instant declaratory judgment action is reactive and should be dismissed to discourage Plaintiffs' forum-shopping.

If this Court were to retain jurisdiction over this action, it would be rewarding Plaintiffs' obvious efforts to forum-shop. The Plaintiff employees in this action are not residents of California and had only nominal connections to California at the time they filed this lawsuit on December 30, 2014. (*See* Compl. ¶¶ 4-6, 11-13.) The contracts at issue are governed by Illinois law. (*See* Compl. Exs. A-C, ¶ 17.) Most tellingly, after receiving Abbott's reasonable letters reminding them of their contractual obligations and asking a question about the recruitment of Richards and Perry, Plaintiffs' counsel told Abbott's counsel that he needed time over the holidays and in light of his wife's surgery to gather the requested information, while secretly and surreptitiously preparing and filing this lawsuit. (*See* Knapp Decl. ¶¶ 3-4.) This was a reactive, preemptive lawsuit that smacks of forum-shopping.

The Ninth Circuit has stated that *Brillhart's* forum shopping factor relates to "the 'defensive' or 'reactive' nature of a federal declaratory judgment suit," and that such a suit "would justify a court's decision not to exercise jurisdiction." *Robsac*, 947 F.2d at 1371 (citation and internal quotation marks omitted). Thus, "[w]here a federal declaratory judgment action merely anticipates a parallel state action in order to resolve issues in the forum of the declaratory judgment plaintiff's choosing, courts should exercise their discretion to deny jurisdiction." *Hudson Cnty. News Co. v. Metro Assocs., Inc.*, 141 F.R.D. 386, 392 (D. Mass. 1992) (citing *State Farm Fire & Cas. Co. v. Taylor*, 118 F.R.D. 426, 430 (M.D.N.C. 1988)); *see also Gribin v. Hammer Galleries*, 793 F. Supp. 233, 234–35 (C.D. Cal. 1992) (citation and internal quotation marks omitted) (noting that "the Declaratory Judgment Act should not to be used to deprive the plaintiff of his traditional choice of forum and timing, . . . provok[ing] a disorderly race to the

courthouse.").  "The declaratory judgment remedy is *not a tactical device* whereby a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse."  *Hudson*, 141 F.R.D. at 392 (citing *State Farm*, 118 F.R.D. at 431).

District courts have consistently and appropriately declined jurisdiction over such "reactive actions," finding that the exercise of jurisdiction would be contrary to principles of judicial economy and comity and would reward forum shopping.  *Mediostream, Inc. v. Priddis Music, Inc.*, No. 07-2127, 2007 WL 2790688, at *2 (N.D. Cal. Sept. 24, 2007) ("A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent. . . . [T]he Declaratory Judgments Act should not be invoked to deprive a plaintiff the choice of forum and timing . . . ."); *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003); *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006).[6]  Indeed, courts in the Northern District of California have noted that if "the court determines that the declaratory suit is a preemptive suit meant to deprive the natural plaintiff of the forum of his choice, the court should dismiss or stay the declaratory suit."  *See Schmitt v. JD Edwards World Solutions Co.*, No. 01-1009, 2001 WL 590039, at *2 (N.D. Cal. 2001) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).  "This prevents forum shopping by a declaratory plaintiff who files suit in anticipation of being sued by a natural plaintiff."  *Id.*; *see also Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1021 (N.D. Cal. 2005) (dismissing declaratory relief action in favor of parallel Washington state court action and noting Microsoft's attempt to forum shop by filing action in California federal court).

---

[6] Under the "first to file" rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."  *Cedar Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).  Although the rule applies to parallel actions pending in federal court, district courts can, in the exercise of their discretion, dispense with the rule for reasons of equity.  *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994).  Circumstances under which courts have discretion to decline to apply the first-to-file rule include bad faith, anticipatory suit, and forum shopping.  *Alltrade*, 946 F.2d at 623.  Thus, while the instant action does not involve parallel federal proceedings, decisions declining to exercise jurisdiction under the first-filed rule in declaratory judgment actions because of the presence of indicia of forum shopping are nevertheless instructive.

Plaintiffs' declaratory relief action filed in this Court was clearly "reactionary." The *DeFeo* action is instructive. There, as here, the employer (in *DeFeo*, Procter & Gamble) cautioned its former Ohio-based employee that he would be sued if he violated his non-compete agreement. *DeFeo*, 831 F. Supp. at 777. The employee promptly filed suit for declaratory relief in California, seeking to have his non-compete agreement invalidated on public policy grounds under California law. *Id.* The following day, Procter & Gamble sued in Ohio state court, seeking injunctive relief. *Id.* The two actions involved the identical issue of whether the non-compete agreement was enforceable. *Id.* Procter & Gamble moved to dismiss or transfer the employee's declaratory relief action, pending the outcome of the Ohio state court action. *DeFeo*, 831 F. Supp. at 777. Citing *Brillhart*, the court agreed that the Ohio state court was the more appropriate forum for the dispute. *Id.* at 778-780. The court noted that, aside from his new employer, the former employee had little connection to California, and thus found that the declaratory relief action was filed only "to secure a California forum." *Id.* at 778.

So too here. As the Amended Complaint alleges, Plaintiff employees are currently residents of Georgia, Tennessee, and Pennsylvania. (Compl. ¶¶ 4-6.) Plaintiffs also worked in those respective states (as well as New Jersey and Illinois) for Abbott, and executed the pertinent Employee Agreements in their home states. (*See* Compl. Exs. A-C (signature blocks with location indicated).) Moreover, Plaintiffs filed the instant action the *same day* that Plaintiff Richards began working for Cepheid, one day after Plaintiff Perry began working for Cepheid, and just one week after Abbott sent letters to Plaintiffs Richards and Perry reminding them of their obligations under their Employee Agreements (*see* Compl. ¶ 30, Exs. E-F; Haegley Decl. at ¶¶ 8, 12), asking for reassurances that those Agreements would be respected.[7] Worse, Plaintiffs filed the instant action *while* the parties were engaged in informal discussions to try and resolve any potential issues related to Plaintiffs' new employment, during which discussions Cepheid's counsel invoked the

---

[7] Plaintiffs' actions further militate in favor of dismissal here because they undermine the parties' attempts at resolving any issues in lieu of resorting to formal litigation. *See, e.g.*, *Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150, 1158-59 (S.D.N.Y. 1996) (potential plaintiffs should be encouraged to attempt settlement discussions prior to filing lawsuits without fear of preemptive suit by defendant); *Z-Line Designs*, 218 F.R.D. at 666 (same).

holidays and his wife's surgery to ask for more time to respond, which Abbott accommodated. (*See* Knapp Decl. ¶¶ 3-4.)  These representations, coupled with the timing of the filing of the instant action, as well as the lack of any meaningful connection of this dispute to California, leads to only one reasonable conclusion:  Plaintiffs intended to win the "race to the courthouse" and preempt Abbott from bringing suit for breach of Plaintiffs' Employee Agreement in the forums in which the Plaintiffs reside, worked for Abbott, and executed the pertinent Agreements.  *See, e.g.*, *Z-Line Designs*, 218 F.R.D. at 666 ("Here, plaintiff's counsel accepted the second deadline extension to discuss . . . settlement with Z–Line, and created a reasonable expectation that Z–Line would explore settlement rather than litigation. This was a misleading communication. Under these circumstances, the court is satisfied that plaintiff filed this action in anticipation . . . that a suit . . . was imminent.").

      Plaintiffs apparently intended to circumvent their freely negotiated Agreements and shop for what they perceived to be a more favorable forum in which to litigate.  Such action undoubtedly constitutes forum shopping and weighs in favor of dismissal.  *See DeFeo*, 831 F. Supp. at 778; *Schmitt* , 2001 WL 590039, at *2; *Google*, 415 F. Supp. 2d at 1021.

      **2.**    **Dismissal is warranted here to avoid the needless determination by this Court of state law issues and to avoid duplicative litigation.**

      The Ninth Circuit has made clear that courts are encouraged to abstain from hearing cases involving claims for declaratory relief where, as here, the action does not raise questions of federal law and is "primarily declaratory in nature."  *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (citing *Emp'rs Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995); *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750 (9th Cir. 1996)).  Here, there is no compelling federal interest in the adjudication of this case:  Plaintiffs' claims against Abbott involve only state law issues and jurisdiction is based entirely on diversity of citizenship.  *Robsac*, 947 F.2d at 1370 ("Where, as in the case before us, the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir" and "the *Brillhart* policy of avoiding unnecessary declarations of state law is especially strong"); *see also Fid. Nat. Fin., Inc. v. Ousley*, No. 06-1251, 2006 WL 2053498, at *3 (N.D. Cal. July 21, 2006) (dismissing

lawsuit because, *inter alia*, "there is no compelling federal interest because jurisdiction is based on diversity of citizenship").[8]

Principles of comity also weigh in favor of allowing this action to proceed in state court, particularly in this federal diversity case in which there are no federal claims. *R.R. St. & Co. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) ("needless determination of state law issues alone may support" abstention or dismissal); *see also Heat Surge, LLC v. Lee*, No. 09-572, 2009 WL 1883715, at *3 (N.D. Cal. June 30, 2009) (declining to exercise jurisdiction where "[t]he dispute between the parties is governed primarily by state law."); *Am. Land Title Ass'n v. Great Am. Ins. Co.*, No. 05-4365, 2006 WL 1329782, at *6 (N.D. Cal. May 16, 2006) (dismissing declaratory relief action even though there were no pending parallel state court proceedings based on the fact that individual states would have a stronger interest in having the issues presented decided in their own courts). There are now three pending state court actions involving the same issues raised in this action. Principles of comity and judicial economy weigh in favor of allowing the state court cases to adjudicate the state court claims rather than having a federal court reach out to decide state court issues in a federal diversity case in which there are no federal claims.

Moreover, allowing this case to go forward would result in duplicative litigation. It makes no sense for this Court and the state courts to adjudicate the same questions of the enforceability of the Plaintiffs' employee non-solicitation provisions. *Schmitt*, 2001 WL 590039, at *1 (dismissing federal court action in favor of suit pending in Colorado state court involving employment agreement containing a covenant not to compete, noting that "[i]t makes no sense for both courts to adjudicate these cases"); *see also R.R. St.*, 656 F.3d at 975 ("needless determination of state law issues alone may support" abstention or dismissal).

Further, it is important to consider that the state court actions are broader than the instant declaratory suit, and will thus provide greater, more comprehensive relief upon

---

[8] The Ninth Circuit has stated that a "needless determination of state law" may involve an ongoing parallel state proceeding regarding the "precise state law issues," an area of law Congress expressly left to the states, or a lawsuit with no compelling federal interest (for instance, when a case is solely based on diversity). *Robsac*, 947 F.2d at 1371–72.

adjudication. *See Schmitt*, 2001 WL 590039, at *2 (citing *Koch Eng'g Co. v. Monsanto Co.*, 621 F. Supp. 1204, 1208 (E.D. Mo. 1985) ("This court must also consider which of the two actions will best serve the needs of the parties by providing a comprehensive solution to the entire controversy."); *Budget Rent A Car Corp. v. Miljack, Inc.*, 760 F. Supp. 135, 136 (N.D. Ill. 1991) ("Here, the better alternative is to allow the Oklahoma action to proceed. The broader relief requested by CRLA in the Oklahoma suit would certainly address the relief sought by Budget in this action."). The state court cases also have a cause of action for breach of the employees' obligation to return all Abbott documents upon their departure, various causes of action related to Perry's disclosure of confidential Abbott information, breach of the non-solicitation agreement, and breach of a severance agreement. (Overbeck Decl. at ¶¶ 3-5, Exs. A-C.) Indeed, further discovery in the state court cases may reveal that there has been large scale misappropriation of trade secrets and breach of duties of loyalty, which will result in amended complaints in state court. Regardless of the ultimate scope of the state court actions, resolution of the declaratory relief action now pending before this Court will *not* dispose of the all of the issues between these parties in the pending state court action, which arises from this same transaction or occurrence, thus favoring dismissal of this action in favor of the broader state court actions. *See, e.g.*, *Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2013) (declining jurisdiction under *Brillhart* and noting that the state court litigation "would more efficiently resolve all the issues presented by the present conflict because it necessarily must adjudicate [the defendants'] claims for misappropriation of trade secrets and breach of fiduciary duty").

### 3. For Purposes of Applying the *Brillhart* Presumption, It Is Irrelevant that the State Court Actions Were Filed After Plaintiffs Filed the Instant Action.

Plaintiffs may argue that the presumption against this Court exercising its jurisdiction does not apply here because the instant action was filed before the state court actions. This "first-to-file" argument has been repeatedly rejected, including by courts in this district, and should similarly be rejected here. *See DeFeo*, 831 F. Supp. at 779-80. Again, *DeFeo* is instructive: There, although the state court action was filed only a day after the federal court action, the court noted that other federal courts "have declined jurisdiction when considerably

more time has passed after the filing of the declaratory relief action." *Id.* (citing *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1251 (9th Cir. 1987) (suit filed approximately one month later)). "In fact, at least one court has dismissed a declaratory relief action when the state suit had not yet been filed." *Id.* (citing *Gribin*, 793 F. Supp. at 234).[9]

## IV. CONCLUSION

Were this Court to proceed with the present action, it would be making needless decisions of state law, rewarding forum shopping, and engaging in duplicative litigation. Because there are no countervailing factors warranting that this Court retain this action, Abbott respectfully requests that this Court dismiss, or, in the alternative, stay Plaintiffs' declaratory judgment action.

DATED: February 9, 2015  MUNGER, TOLLES & OLSON LLP

By:     /s/ *Carolyn Hoecker Luedtke*
CAROLYN HOECKER LUEDTKE
Attorneys for ABBOTT LABORATORIES

---

[9] A number of other courts have also dismissed or stayed a first filed declaratory judgment suit in favor of a subsequent suit. *See, e.g.*, *Tempco Elec. Heater Corp v. Omega Eng'g, Inc.*, 819 F.2d 746 (7th Cir. 1998); *Essex Grp., Inc. v. Cobra Wire & Cable, Inc.*, 100 F. Supp. 2d 912 (N.D. Ind. 2000); *First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc.*, No. 97-1069, 1997 WL 579165 (S.D. Cal. 1997); *Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581 (S.D.N.Y. 1990). In all of these cases the court determined that the declaratory plaintiff had filed suit preemptively and thus was not entitled to the benefit of the first-to-file rule.