CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
MARJA-LIISA OVERBECK (State Bar No. 261707)
mari.overbeck@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

KATHERINE M. FORSTER (State Bar No. 217609)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for ABBOTT LABORATORIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CEPHEID, a California Corporation, PETER FARRELL, GLYNN PERRY AND JENNIFER RICHARDS,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES, an Illinois Corporation,<br><br>Defendant. | Case No. 14-cv-05652<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY ACTION FOR DECLARATORY RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**<br><br>**DIVERSITY OF CITIZENSHIP [28 U.S.C. § 132(a)(1) and (b)]**<br><br>Judge: Hon. Edward J. Davila<br>Date: June 4, 2015<br>Time: 9:00 am<br>Crtrm.: 4, 5th Floor |

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 2

    A.  The Swift Pace with Which Plaintiffs Filed Suit, Ignoring Abbott's Efforts to Resolve this Dispute Without Court Intervention, Underscores Plaintiffs' Efforts to Forum-Shop. ............................................................................................... 3

    B.  Abbott's State Court Actions and Plaintiffs' Reactive Declaratory Relief Action Are Parallel Proceedings With Only One Meaningful Difference: The State Court Actions Seek Broader Relief than this Action, Which Strongly Weighs in Favor of Dismissal. ............................................................... 7

        1.  The presumption against this Court exercising its jurisdiction applies here because the state court actions involve the same parties as the instant action. ....................................................................................... 7

        2.  The presumption against this Court exercising its jurisdiction further applies because the state court actions also involve the same factual circumstances as the instant actions, and in fact seek broader relief. ........... 8

        3.  The *Application Group* decision is irrelevant to the instant Motion. ........... 10

III. CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adobe Sys. Inc. v. Wowza Media Sys., LLC*,
 2014 WL 5454648 (N.D. Cal. Oct. 27, 2014) ........................................................................ 10

*Allstate Ins. Co. v. Tucknott Elec. Co.*,
 2014 WL 5408324 (N.D. Cal. Oct. 23, 2014) .......................................................................... 7

*Am. Title Ins. Co. v. Lacelaw Corp.*,
 861 F.2d 224 (9th Cir. 1988) ................................................................................................. 10

*Brillhart v. Excess Insurance Co. of Am.*,
 316 U.S. 491 (1942) ........................................................................................................ 1, 2, 7

*Budget Rent A Car Corp. v. Miljack, Inc.*,
 760 F. Supp. 135 (N.D. Ill. 1991) ............................................................................................ 8

*Chamberlain v. Allstate Ins. Co.*,
 931 F.2d 1361 (9th Cir. 1991) ................................................................................................. 2

*Cont'l Ins. Co. v. Hexcel Corp.*,
 2013 WL 1501565 (N.D. Cal. Apr. 10, 2013) ......................................................................... 8

*Creative Nail Design, Inc. v. Mycone Dental Supply Co.*,
 2012 WL 2106212 (S.D. Cal. June 11, 2012) ......................................................................... 5

*DeFeo v. Proctor & Gamble Co.*,
 831 F. Supp. 776 (N.D. Cal. 1993) ................................................................................. passim

*Fid. Nat'l Fin., Inc. v. Ousley*,
 2006 WL 2053498 (N.D. Cal. July 21, 2006) ....................................................................... 10

*First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc.*,
 1997 WL 579165 (S.D. Cal. July 21, 1997) ............................................................................ 3

*Golden Eagle Ins. Co. v. Travelers Cos.*,
 103 F.3d 750 (9th Cir. 1996) ................................................................................................... 7

*Gospel Missions of Am. v. City of L.A.*,
 328 F.3d 548 (9th Cir. 2003) ................................................................................................. 10

*Gov't Emps. Ins. Co. v. Dizol*,
 133 F.3d 1220 (9th Cir. 1998) ........................................................................................ 2, 7, 9

*Gribin v. Hammer Galleries*,
 793 F. Supp. 233 (C.D. Cal. 1992) ..................................................................................... 3, 4

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Heat Surge, LLC v. Lee*,
　2009 WL 1883715 (N.D. Cal. June 30, 2009) ........................................................................ 10

*Keown v. Tudor Ins. Co.*,
　621 F. Supp. 2d 1025 (D. Haw. 2008) ..................................................................................... 7

*Knapp v. Depuy Synthes Sales Inc.*,
　983 F. Supp. 2d 1171 (E.D. Cal. 2013) .................................................................................... 9

*Koch Eng'g Co. v. Monsanto Co.*,
　621 F. Supp. 1204 (E.D. Mo. 1985) ......................................................................................... 8

*Mediostream, Inc. v. Priddis Music, Inc.*,
　2007 WL 2790688 (N.D. Cal. Sept. 24, 2007) ......................................................................... 4

*Schmitt v. JD Edwards World Solutions Co.*,
　2001 WL 590039 (N.D. Cal. 2001) ............................................................................... 7, 8, 10

*Stunteback v. Janssen Research & Dev., LLC*,
　2014 WL 2572784 (E.D. Pa. June 6, 2014) ............................................................................. 6

*Tieman v. Victaulic Co.*,
　2007 WL 397054 (S.D. Ohio Jan. 31, 2007) ............................................................................ 3

*World-Wide Volkswagen Corp. v. Woodson*,
　444 U.S. 286 (1980) ................................................................................................................. 5

*Xoxide, Inc. v. Ford Motor Co.*,
　448 F. Supp. 2d 1188 (C.D. Cal. 2006) .................................................................................... 5

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*,
　218 F.R.D. 663 (N.D. Cal. 2003) ......................................................................................... 3, 5

**STATE CASES**

*Application Grp., Inc. v. Hunter Grp., Inc.*,
　61 Cal. App. 4th 881 (1998) .................................................................................................. 10

**STATE STATUTES**

Cal. Bus. & Prof. Code § 16600 ................................................................................................ 2, 11

**STATUTES - OTHER**

Ga. Code Ann. § 9-11-24 ................................................................................................................ 8

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**STATE RULES**

Pa. R.C.P. No. 2327 ................................................................................................................. 8

Tenn. R. Civ. Proc. 24.01 ........................................................................................................ 8

## I. INTRODUCTION

This is an improper declaratory judgment action that should be dismissed in its entirety. In their opposition brief, Plaintiffs offer no convincing basis for permitting this case to proceed where there are parallel state court actions that will adjudicate all of Plaintiffs' claims, plus Abbott's additional claims for breach of contract, the taking of confidential information, breach of fiduciary duty, and violation of a Georgia computer statute that are not pending before this Court. Plaintiffs fail to address this latter point—that is, that the parallel state court actions have additional claims and seek broader relief than the instant action. This means that if this Court retains jurisdiction over the instant action, it would be unnecessarily deciding issues of state law and engaging in duplicative litigation that would not fully resolve the parties' entire dispute. These factors alone warrant dismissal under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942).

Moreover, Plaintiffs cannot escape their forum-shopping. Despite Plaintiffs' proclamations about their "connections" to California—evidenced by contacts as trifling as their cell phone area codes and their ability to connect to a "virtual" California office from their admitted home states in Tennessee, Georgia, and Pennsylvania—this action has all of the hallmarks of an anticipatory, forum-shopping action and should be dismissed for this reason as well. Cepheid's counsel played games with Abbott in preemptively filing this action, telling Abbott's counsel that he could not contact his client given the holidays and asking for more time to respond to Abbott's expression of concern given his wife's surgery, all while *that same day* finalizing and filing this lawsuit. This anticipatory filing deprived Abbott—the true aggrieved party—of the opportunity to file suit in the forums in which Plaintiffs executed the pertinent Employee Agreements, worked for Abbott, took confidential information, breached their agreements, and reside. In light of this forum shopping, this Court should dismiss or stay this action under the *Brillhart* doctrine.

Further, Plaintiffs offer *no* legal authority to support their position that this declaratory judgment action (without any federal claims) based solely on this Court's diversity jurisdiction should endure in light of the broader pending state court actions in Georgia,

Tennessee, and Pennsylvania.  Instead, Plaintiffs overemphasize irrelevant case law interpreting Section 16600 of California's Business and Professions Code in a transparent effort to deflect attention away from the primary issue relevant to the instant motion, which is *procedural*, not substantive.  In any event, even Plaintiffs' substantive arguments about the enforceability of non-competition agreements are misplaced.  It is undisputed that Abbott does not seek to enforce its non-competition or customer non-solicitation provisions against Plaintiffs for their work at Cepheid.  The only declaratory judgment claim at issue here involves a restriction on employee solicitation, and Plaintiffs have cited *no law whatsoever* that such agreements are unenforceable, even under California law.  This is simply not a case where this Court needs to hold onto an action that belongs elsewhere due to strong California public policy notions of employee mobility.  This is just a duplicative state law claim about the enforceability of employee non-solicitation agreements governed by Illinois law that is a subset of a much broader dispute already pending in Tennessee, Georgia, and Pennsylvania state courts.

## II.     ARGUMENT

Plaintiffs do not (and cannot) dispute that the Federal Declaratory Judgment Act vests this Court with broad discretion to abstain from entertaining this suit.  (*See* Opp. Br. 6:28-7:3.)  As the Ninth Circuit Court of Appeals has recognized, the holding in *Brillhart* remains the "philosophic touchstone for the district court," *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998), and dictates that where there are parallel state proceedings involving the same issues and parties, the entire action should be heard in state court.  *Brillhart*, 316 U.S. at 495.  Indeed, "[i]n such cases, there is a *presumption* that the entire suit should be heard in state court." *DeFeo v. Proctor & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal. 1993) (emphasis added) (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991)).

Plaintiffs failed to present any persuasive argument or evidence to overcome this presumption.  *See Chamberlain*, 931 F.2d at 1367-68 (recognizing that certain factors, not present here, can overcome the presumption such as if the federal action will continue even if the declaratory judgment claim is dismissed or if the federal litigation is far enough advanced that declining jurisdiction would be a waste of judicial resources).  Significantly, Plaintiffs have not

1  even attempted to argue that the presumption against this Court exercising jurisdiction is

2  inapplicable here, and they fail to set forth any persuasive arguments for why the three primary

3  *Brillhart* factors remain unsatisfied.  As set forth below (and in Abbott's Motion), this Court

4  should dismiss this action under *Brillhart* to discourage Plaintiffs' obvious efforts to forum-shop,

5  and to avoid the needless determination of state law issues and duplicative litigation.

6        **A.**      **The Swift Pace with Which Plaintiffs Filed Suit, Ignoring Abbott's Efforts to Resolve this Dispute Without Court Intervention, Underscores Plaintiffs' Efforts to Forum-Shop.**

8        Plaintiffs' assertions that they filed this action to terminate the uncertainty that

9  Abbott's "threats" allegedly prompted (*see* Opp. Br. 11:13-20) serve only to prove the point that

10  Plaintiffs filed this action anticipatorily.  *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663,

11  665 (N.D. Cal. 2003) ("A suit is anticipatory when the plaintiff filed upon receipt of specific,

12  concrete indications that a suit by defendant was imminent.").  Plaintiffs filed the instant action

13  mere days after Plaintiffs Richards and Perry started to work for Cepheid and just one week after

14  Abbott asked for assurances that Plaintiffs would honor their Employee Agreements.  *See, e.g.*,

15  *Tieman v. Victaulic Co.*, No. 06-1036, 2007 WL 397054, at *4 (S.D. Ohio Jan. 31, 2007)

16  (dismissing Ohio-based sales employee's declaratory judgment action, filed on same day as

17  resignation, in favor of subsequently filed action by former employer in Pennsylvania, in order to

18  discourage forum-shopping).  The swiftness with which Plaintiffs filed suit and reacted to

19  Abbott's correspondence indicates that, far from seeking to resolve uncertainty allegedly

20  engendered by Abbott's letters and to settle legal relations (both of which could have been done

21  had Plaintiffs merely responded to Abbott's requests for information instead of making

22  representations about needing more time to respond because of the holidays and a medical

23  emergency), Plaintiffs "simply wanted to wrest the choice of forum away from the allegedly

24  aggrieved party," namely, Abbott.  *First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc.*, No. 97-

25  1069, 1997 WL 579165, at *3 (S.D. Cal. July 21, 1997); *see also Gribin v. Hammer Galleries*, 793

26  F. Supp. 233, 236 (C.D. Cal. 1992) ("[T]he anticipation of defenses is not a proper use of the

27  declaratory judgment procedure. . . . The declaratory remedy *is not a tactical device* whereby a

28  party who would be a defendant in a coercive action may choose to be plaintiff if he can beat the

other party to the courthouse.") (citations and internal quotation marks omitted); *Mediostream, Inc. v. Priddis Music, Inc.*, No. 07-2127, 2007 WL 2790688, at *2 (N.D. Cal. Sept. 24, 2007) ("[T]he Declaratory Judgments Act should not be invoked to deprive a plaintiff the choice of forum and timing . . . .").

Plaintiffs offer no explanation for the disingenuous conduct of Cepheid's General Counsel, who told Abbott's counsel that he had not been able to reach his client and needed more time to respond to Abbott's letter about the Employee Agreements due to the holidays and his wife's surgery, while later the *very same day* filing the present lawsuit without notice to Abbott. (*See* Knapp Decl. ¶¶ 3-4, ECF No. 16-1.)  Faced with this damning evidence of forum-shopping, Plaintiffs merely drop a footnote that "Plaintiffs shall not submit facts disputing these irrelevant allegations."  (Opp. Br. 11 n.1.)  The conduct of Cepheid's General Counsel is relevant.  It belies Plaintiffs' assertions that they needed to file their declaratory action in order to settle the legal disputes now at issue, or to dispel uncertainty about their conduct, and strongly suggests that the true reason Plaintiffs filed the instant action was to seize what Plaintiffs perceived to be a more favorable forum for Plaintiffs before Abbott could file suit.[1]

Plaintiffs' opposition has no response to the argument that as the party alleging a breach of the pertinent Employee Agreements, Abbott is the "natural plaintiff" here, and as such, "is entitled to choose the time and place for suit."  *Gribin*, 793 F. Supp. at 237.  Plaintiffs' reactive, anticipatory filing of the instant action deprived Abbott of its choice of forum, and this Court should exercise its discretion to dismiss this action so that Abbott is not penalized for its attempt to resolve this dispute without bringing the matter immediately to court prior to attempting resolution.  *Creative Nail Design, Inc. v. Mycone Dental Supply Co.*, No. 11-1658, 2012 WL 2106212, at *3 (S.D. Cal. June 11, 2012); *see also Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1188 (C.D. Cal. 2006) (dismissing declaratory relief action and finding exception to

---

[1] Plaintiffs' inconsistent representations throughout their Opposition Brief also undermine their stated purposes for filing this preemptive action.  Plaintiffs contend that Abbott "is not a competitor of Cepheid" (Opp. Br. 1:24) yet argue that they filed the instant action "to protect their lawful interest to compete freely" (*id.* at 12:9-10).

"first to file" rule where alleged patent infringer filed anticipatory action after engaging in settlement discussions); *Z-Line Designs*, 218 F.R.D. at 666 (same).

Further, Plaintiffs fail to distinguish the myriad cases cited by Abbott in its motion. For instance, Plaintiffs cannot escape the import of *DeFeo*, which also involved an employee who joined a California employer and promptly filed suit for declaratory relief in California seeking to have his non-compete agreement with his former employer Procter & Gamble invalidated on public policy grounds under California law. *DeFeo*, 831 F. Supp. at 777-78. There, as here, Procter & Gamble subsequently sued the plaintiff in state court, seeking injunctive relief. *Id.* There, as here, the two actions involved the identical issue of whether the restrictive covenant was enforceable. *Id.* There, as here, Procter & Gamble moved to dismiss or transfer the employee's declaratory relief action, pending the outcome of the state court action. *Id.* Even though the plaintiff-employee in *DeFeo* worked for Clorox, a California company based in Oakland, and thus presumably had connections to California, the court nevertheless found that the plaintiff "filed the declaratory relief action in order to secure a California forum" and agreed that the state court was the more appropriate forum for the dispute. *Id.* at 778-80 n.5.

The same is true here. The Plaintiff-employees now work for a California-based employer, but, as the opposition brief and the Amended Complaint concede, they are still <u>currently residents</u> of Georgia, Tennessee, and Pennsylvania. (Amended Complaint ¶¶ 4-6, 11-13, ECF No. 6.)[2] Plaintiffs cannot distinguish *DeFeo* by asserting that the *Brillhart* analysis is somehow different because Ohio is where Proctor &Gamble is "based," whereas Abbott is not "based" in Georgia, Tennessee, and Pennsylvania. This is of little consequence. Plaintiffs worked for Abbott in those states, they executed the pertinent Employee Agreements in those states, and they reside in those states. It is well-established that a defendant's home forum is presumed to be appropriate. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 303 (1980) (defendant's home forum is

---

[2] As set forth in Plaintiffs' opposition, Plaintiffs Farrell and Perry still reside in Tennessee and Georgia, respectively. (Opp. Br. 4:6, 21.) Likewise, although Plaintiff Richards "is in the process" of moving to California, she still resides in Pennsylvania, and has disclosed no date for when she plans to move to or reside permanently in California. (*Id.* at 5:2; Richards Decl. ¶ 4, ECF No. 18-3.) It would presumably be *more convenient* for the Plaintiff-employees to litigate their disputes in their respective home states.

-5-                                    14-cv-05652
REPLY IN SUPPORT OF MOTION TO DISMISS ACTION FOR DECLARATORY RELIEF

presumptively appropriate).  Moreover, as the court noted in *DeFeo*, Plaintiffs' lengthy discussion of California's public policy favoring competition merely serves to *reinforce* that Plaintiffs filed the instant declaratory relief action in order to secure a California forum.  *DeFeo*, 831 F. Supp. at 778 n.5 (relying on the plaintiff's emphasis of California's "strong public policy favoring competition" as evidence of forum-shopping).

So strong is Plaintiffs' desire to deprive Abbott of its choice of forum that even after Abbott filed the three state court actions, Plaintiffs' counsel refused to accept service on behalf of their individual clients but did accept on behalf of their corporate client.  Immediately after accepting service for Cepheid, in a ploy to try to avoid the "forum-defendant rule," Cepheid's counsel removed the state actions to federal court.  (Declaration of Carolyn Hoecker Luedtke ("Luedtke Decl.") ¶¶ 2-7.)  This type of removal gamesmanship has been criticized by courts as "improper manipulation."  *See, e.g.*, *Stunteback v. Janssen Research & Dev., LLC*, No. 14-1097, 2014 WL 2572784, at *3 n.8 (E.D. Pa. June 6, 2014) (finding "improper manipulation occurs when [a non-forum defendant] removes a case to federal court before a forum defendant is served").  The improper tactics are magnified when you consider that here, counsel representing all parties refused to accept service for the forum-defendant parties in the state court actions in order to try to manipulate this rule.

In sum, Plaintiffs intended to win the "race to the courthouse" and preempt Abbott from bringing suit for breach of Plaintiffs' Employee Agreement in the forums in which the Plaintiffs reside, worked for Abbott, and executed the pertinent Agreements.  This action was clearly meant to deprive Abbott, as the natural plaintiff, of the forum of its choice.  This is precisely the type of scenario that courts have recognized favors deference by the federal court to the pending state court actions.  For this reason, the Court should dismiss or stay the declaratory suit.  *See Schmitt v. JD Edwards World Solutions Co.*, No. 01-1009, 2001 WL 590039, at *2 (N.D. Cal. 2001).

B. **Abbott's State Court Actions and Plaintiffs' Reactive Declaratory Relief Action Are Parallel Proceedings With Only One Meaningful Difference:  The State Court Actions Seek Broader Relief than this Action, Which Strongly Weighs in Favor of Dismissal.**

With respect to the other two primary *Brillhart* factors—whether proceeding with the instant action will result in the needless determination of state law issues and duplicative litigation—the present circumstances strongly favor dismissal.  The dispute between the parties is governed by state law, and the present action involves the same parties, addresses the same Employee Agreements, and concerns the same facts as the pending state court actions, and is thus the archetypal example of when a district court should decline jurisdiction to avoid the needless determination of state law issues and avoid duplicative litigation.  *Dizol*, 133 F.3d at 1225.

1. **The presumption against this Court exercising its jurisdiction applies here because the state court actions involve the same parties as the instant action.**

Plaintiffs incorrectly suggest that the pending state court actions are not parallel to their declaratory relief action because the "state actions do not include Cepheid as a defendant." (Opp. Br. 15:24.)  Not so.  As explained above, Abbott re-filed each of the state court actions after Plaintiffs' counsel engaged in blatant gamesmanship to avoid the "forum-defendant rule," and have since filed, or are in the process of filing, Amended Complaints adding Cepheid as a defendant.[3]  Specifically, Cepheid is already named as a defendant in the Georgia action; a motion seeking to amend the complaint in the Pennsylvania action to add Cepheid is pending; and the

---

[3] Even if Cepheid remains unnamed as a party in some of the state court actions, Plaintiffs argument regarding the alleged lack of parallelism between the state court actions and the instant action still fails:  Neither *Brillhart* nor its progeny impose a rigid parallelism requirement. Rather, *Brillhart* merely requires that "at least where another suit involving the same parties and *presenting an opportunity for ventilation* of the same state law issues is pending in state court," the district court should defer to the state court action. *Allstate Ins. Co. v. Tucknott Elec. Co.*, No. 14-01804, 2014 WL 5408324, at *4 (N.D. Cal. Oct. 23, 2014) (emphasis added) (citing *Brillhart*, 515 U.S. at 282). Furthermore, "[t]he Ninth Circuit construes 'parallel actions' liberally. Underlying state actions need not involve the same parties nor the same issues to be considered parallel." *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1037 (D. Haw. 2008) (quoting *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 754-55 (9th Cir. 1996)) ("It is enough that the state proceedings arise from the same factual circumstances" as the declaratory judgment action.). There can be no doubt that the state court actions will present "an opportunity for ventilation" of the issues pending in this declaratory relief action given that the state court actions are also based on the enforceability of Plaintiffs' Employee Agreements.

REPLY IN SUPPORT OF MOTION TO DISMISS ACTION FOR DECLARATORY RELIEF

only reason that no amended complaint has yet been filed in Tennessee is because Plaintiff Farrell is evading service and his counsel refuses to accept service on his behalf.  (Luedtke Decl. ¶ 8.) Further, the parties to the contested Employee Agreements are Abbott and their former employees, and, as the *DeFeo* court noted in dismissing the declaratory action filed there, "[i]f, as Plaintiffs allege, [Cepheid] is a necessary party to this litigation, and its interests are not adequately represented by [Perry, Richards, and Farrell], then it can intervene as a matter of right in the [state court] action[s]."  *DeFeo*, 831 F. Supp. at 779.[4]

### 2. The presumption against this Court exercising its jurisdiction further applies because the state court actions also involve the same factual circumstances as the instant actions, and in fact seek broader relief.

Plaintiffs fail entirely to address the critical fact that the pending state court actions are broader than the instant declaratory suit, and will thus provide greater, more comprehensive relief upon adjudication, thus favoring dismissal.  *See Schmitt*, 2001 WL 590039, at *2 (citing *Koch Eng'g Co. v. Monsanto Co.*, 621 F. Supp. 1204, 1208 (E.D. Mo. 1985)) ("This court must also consider which of the two actions will best serve the needs of the parties by providing a comprehensive solution to the entire controversy."); *Cont'l Ins. Co. v. Hexcel Corp.*, No. 12 -CV-05352, 2013 WL 1501565, at *3 (N.D. Cal. Apr. 10, 2013) (dismissing declaratory relief action under *Brillhart* "in light of the more comprehensive New Jersey Action."); *Budget Rent A Car Corp. v. Miljack, Inc.*, 760 F. Supp. 135, 136 (N.D. Ill. 1991) ("Here, the better alternative is to allow the Oklahoma action to proceed.  The broader relief requested by CRLA in the Oklahoma suit would certainly address the relief sought by Budget in this action.").

Plaintiffs also ignore Abbott's argument, as set forth in Abbott's Motion, that the state court cases include a variety of additional causes of action that go beyond the enforceability of the Employee Agreement's non-solicitation of employee clause (the only cause of action at issue here).  The state court cases include claims for breach of the employees' obligation to return

---

[4] Plaintiffs assert, without any factual support or analysis, that Cepheid "needs this Action for relief."  (Opp. Br. 17:20.)  It is not clear why Cepheid's interest in this dispute cannot be adequately represented by the individual plaintiffs, but even so, each state court allows for intervention, both permissive and as a matter of right.  *See, e.g.*, Pa. R.C.P. No. 2327; Ga. Code Ann. § 9-11-24; Tenn. R. Civ. Proc. 24.01.

all Abbott documents upon their departure, Perry's disclosure of confidential Abbott information, Perry's violation of his fiduciary duty and his duty of loyalty, Farrell's breach of the non-solicitation agreement, and Farrell's breach of his severance agreement.  (Luedtke Decl. ¶ 8, Exs 1-3.)  None of those state law claims pending in state court are pending here.  Thus, given the scope of the state court actions, resolution of the single declaratory relief action pending here will *not* dispose of the all of the issues between these parties in the pending state court action, which arise from this same transaction or occurrence, thus favoring dismissal of this action in favor of the broader state court actions.[5]  *See, e.g.*, *Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2013) (declining jurisdiction under *Brillhart* and noting that the state court litigation "would more efficiently resolve all the issues presented by the present conflict because it necessarily must adjudicate [the defendants'] claims for misappropriation of trade secrets and breach of fiduciary duty"); *see also Dizol*, 133 F.3d at 1225 n.5 (finding that in addition to the primary *Brillhart* factors, district courts may also consider whether the declaratory action will settle all aspects of the controversy).

Plaintiffs also overlook that the majority of the relief sought via the instant action is moot.  As set forth by Abbott in its Motion, the state court cases do not seek declaratory judgment on the enforceability of the non-competition clauses of the Employee Agreements (Paragraphs 9-10) or the customer non-solicitation clause of the Employee Agreements (Paragraphs 11) because Abbott does not seek to enforce those provisions against Plaintiffs as to their employment at Cepheid.  In other words, Abbott does not view Plaintiffs' employment with Cepheid as violating Paragraphs 9-11.  Plaintiffs' asserted concern that the instant action and the pending state court actions are not parallel because they lack "assurances" that Abbott will not amend the state court actions to include causes of action relating to these provisions of the Employee Agreements is easily assuaged:  Abbott's statements in its Motion may be treated by this Court as a binding judicial admission.  *See, e.g.*, *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.

---

[5] For this reason, the motions to stay that Plaintiffs allegedly intend to file (*see* Opp. Br. 17 n.3) will fail, as the state court actions will need to proceed to resolve the claims against Plaintiffs pending exclusively in those actions that are entirely absent in this diversity-based action for declaratory relief.

1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them."); *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 557 (9th Cir. 2003) (courts "have discretion to consider a statement made in briefs to be a judicial admission binding on . . . the trial court") (citations omitted); *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, No. 14-CV-02778, 2014 WL 5454648, at *4 (N.D. Cal. Oct. 27, 2014) (treating factual statements asserted in briefs as binding admissions).

There are three pending state court actions involving the same—plus additional—issues raised in this action. Principles of comity and judicial economy weigh in favor of allowing the state court cases to adjudicate the state court claims rather than having a federal court reach out to decide issues purely of state law in a federal diversity case in which there are no federal claims, and which would necessarily result in duplicative litigation. *Fid. Nat'l Fin., Inc. v. Ousley*, No. 06-1251, 2006 WL 2053498, at *3 (N.D. Cal. July 21, 2006) (dismissing lawsuit because, *inter alia*, "there is no compelling federal interest because jurisdiction is based on diversity of citizenship"); *see also Heat Surge, LLC v. Lee*, No. 09-572, 2009 WL 1883715, at *3 (N.D. Cal. June 30, 2009) (declining to exercise jurisdiction where "[t]he dispute between the parties is governed primarily by state law."); *Schmitt*, 2001 WL 590039, at *1 (dismissing federal court action in favor of suit pending in Colorado state court involving employment agreement containing a covenant not to compete, noting that "[i]t makes no sense for both courts to adjudicate these cases").

### 3. The *Application Group* decision is irrelevant to the instant Motion.

Plaintiffs spend a great deal of time in their opposition brief emphasizing the significance of California law, and, in particular, the holding of *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881 (1998). This analysis is irrelevant for purposes of Abbott's Motion to Dismiss. Beyond showcasing the precise reason why Plaintiffs filed this defensive, anticipatory declaratory relief action, Plaintiffs discussion of California law generally, and of *Application Group* specifically, does nothing to advance their argument that this Court should, as a *procedural* matter, retain jurisdiction over this reactive (and duplicative) declaratory relief action. That is, this Court's exercise of discretion over whether to retain jurisdiction over this

declaratory relief action is governed by federal law. *See DeFeo*, 831 F. Supp. at 779 ("The propriety of granting declaratory relief in federal court is a procedural matter.").[6] Moreover, even on substance, *Application Group* misses the mark. Abbott is not seeking to enforce its non-competition or customer non-solicitation agreements; the only aspect of the Employee Agreement at issue is the employee non-solicitation agreement, which is enforceable under California Business & Professions Code Section 16600. This is simply not a case where the Court needs to reach out and apply California law to what should be a state court dispute under a different state's law.

### III.   CONCLUSION

Plaintiffs ask this Court to disregard the well-established rule that a federal court should decline jurisdiction over a "reactive" or "anticipatory" declaratory relief action presenting the same issues of state law as a pending state court action. Because there are no countervailing factors warranting that this Court retain this action, Abbott respectfully requests that this Court dismiss, or, in the alternative, stay Plaintiffs' declaratory judgment action.

DATED: March 2, 2015                MUNGER, TOLLES & OLSON LLP

By:   */s/ Carolyn Hoecker Luedtke*
      CAROLYN HOECKER LUEDTKE
      Attorneys for ABBOTT LABORATORIES

---

[6] Furthermore, *Application Group* involved two state courts, California and Maryland, and thus did not implicate the federalism issues that are the underlying rationale supporting federal court abstention under *Brillhart* and its progeny.